IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CV-63-BO

| | |
|---|---|
| ANTHONY ALEXANDER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 23, 27]. A hearing on this matter was held in Raleigh, North Carolina on November 24, 2014 at 3:30 p.m, at which the Commissioner appeared via video feed. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the commissioner is REVERSED.

BACKGROUND

Plaintiff filed applications for Title XVI supplemental security income on September 8, 2010. [Tr. 79]. Mr. Alexander's application was denied initially and upon reconsideration. On June 19, 2012, an Administrative Law Judge ("ALJ") held a hearing and rendered an unfavorable decision on July 31, 2012. The Appeals Council denied Mr. Alexander's request for review, rendering the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

At the time of his application, plaintiff was 39 years old with no relevant work history. [Tr. 28]. He suffers from visual impairments—it is undisputed that he has no vision In his left eye and only partial vision in his right eye.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his application date. [Tr. 24]. Mr. Alexander's right eye low vision, blindness, glaucoma, cataracts, diabetes with diabetic retinopathy, and hypertension qualified as severe impairments at step two but was not found to

2

meet or equal a Listing at step three. [Tr. 24–25]. The ALJ concluded that plaintiff had the residual functional capacity ("RFC") to perform medium work that did not involve climbing, exposure to hazards and which required limited near-far-peripheral acuity, depth perception, and color vision. [Tr. 25]. The ALJ then found that, although he had no past relevant work, Mr. Alexander could perform the jobs of hospital cleaner and dining room attendant, therefore he was not disabled. [Tr. 25].

Plaintiff alleges that the ALJ improperly evaluated the medical opinion evidence by assigning little weight to the opinion of plaintiff's treating physician, Dr. Lewis. Dr. Lewis diagnosed Mr. Alexander's with complete blindness in his left eye and partial blindness in his right eye, leading to limited eyesight which was worse in dim light. [Tr. 286]. Low lighting also caused him eye pain. [Tr. 288]. Dr. Lewis further opined that, due to plaintiff's eyesight, he would need constant redirection when carrying things and would have difficulty bending and climbing stairs. [Tr. 287]. He would require breaks from working and would periodically require assistance, and Dr. Lewis did not expect Mr. Alexander to improve, given that he had been treated unsuccessfully for years. [Tr. 289].

The ALJ gave little weight to Dr. Lewis's opinion, stating that "[o]bviously, Dr. Lewis is not sufficiently familiar with e Social Security disability system" because he found Mr. Alexander incapable of sedentary work despite having the physical capacity to lift and walk at the medium exertional level. [Tr. 27]. The ALJ mischaracterized Dr. Lewis's opinion. Consistent with his Mr. Alexander's testimony and the medical record, Dr. Lewis stated that there was nothing wrong with Mr. Alexander's ability to lift and walk. [Tr. 287]. His impairments are as a result of his vision problems. [Tr. 361–62]. Dr. Lewis specifically referenced plaintiff's vision

3

when finding that he was not capable of performing full time work at any level of exertion. [Tr. 288].

If an ALJ decides to reject an opinion or testimony regarding the claimant's symptoms or functional deficits, the ALJ must do so with sufficient specificity to allow the Court to determine whether the ALJ's determination is supported by substantial evidence. *Hatcher v. Sec'y, Dep't of HHS*, 898 F.2d 21, 23–25 (4th Cir, 1989). The ALJ cited no specific evidence from the file when rejecting Dr. Lewis's opinion. [Tr. 27]. The record is replete with evidence supporting Dr. Lewis's opinion.

Shortly after Mr. Alexander first sought treatment in 2010, he presented to White Eye Associates ("WEA") with severe proliferative diabetic retinopathy and vitreous hemorrhaging in both eyes. [Tr. 300]. He then underwent a consultative examination with Dr. Land, who diagnosed bilateral cataracts, possible glaucoma, and diabetic retinopathy. [Tr. 279-80]. Dr. Land opined that Mr. Alexander "shows significant visual impairments and needs assistance in daily living due to his visual impairments." [Tr. 280]. This opinion was consistent with that of Dr. Lewis, however the ALJ addressed neither Dr. Land's opinion nor the consistency between Dr. Land's and Dr. Lewis's opinions as required by 20 C.F.R. § 404.1527. In December of 2010, Dr. Barondes at WEA concluded that plaintiff's left eye was beyond repair, but surgery would be undergone on his right eye to restore "some ambulatory vision." [Tr. 298]. Approximately two months after his surgery, plaintiff was blind in his left eye and had 20/200 vision in his right eye. [Tr. 293].

In May, 2011, Mr. Alexander went to another consultative examiner, who warned against any driving and diagnosed visual acuity of only 20/200 in the right eye and total vision impairment of the left eye. [Tr. 282–83]. By December 2011, plaintiff's right eye vision was

4

20/400 unaided and 20/60 with manifest correction. [Tr. 365]. The ALJ's conclusory statement that Dr. Lewis's medical opinion is inconsistent with the record is false. Her opinion is consistent with both the record and the opinion of Dr. Land, and it should have been given controlling weight under the regulations. 20 C.F.R. §404.1527(c)(2).

The ALJ also erred in his assessment of Mr. Alexander's credibility. He found plaintiff not credible regarding because "the claimant testified he was unable to afford glasses," which would improve his right eye's vision. [Tr. 27]. The ALJ went on to note that the record "indicates he was approved for Medicaid in early 2012, so treatment and most medications should not be an issue." [*Id.*]. First, Medicaid will not cover his eyeglasses. See North Carolina Adult Medicaid Manual, Title 2905 § XXIV. Second, "[i]t flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him." *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1968) (internal quotation omitted). Third, even if Mr. Alexander were able to get glasses, he would still be completely blind in his left eye and have only 20/60 vision in his right eye. [Tr. 363]. He would still be unable to drive and would require assistance from others on the job. [Tr. 280, 283]. As the vocational expert testified, if plaintiff needed more than the usual 30-day demonstration period for unskilled work, he would be unemployable. [Tr. 66]. Accordingly, the ALJ's decision is not supported by substantial evidence.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when

5

reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, the ALJ clearly explained his reasoning, it was simply in error. It is abundantly clear that the record does not contain substantial evidence to support a decision denying coverage. Plaintiff is virtually blind, cannot drive, and all of the medical evidence demonstrates that he would need daily assistance in order to do any type of job. As the vocational expert testified, there are no jobs at the unskilled level that can accommodate such requirements. The Court therefore reverses the decision of the Commissioner and remands to the agency for an award of benefits.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 23] is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED, this 25 day of November, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6